**MEMORANDUM ENDORSEMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/2021

<u>Lok v. Experian Information Solutions, Inc.</u>

21-cv-154 (NSR)

The Court reviewed Defendant's request for a pre-motion conference to discuss its proposed motion to compel arbitration, dated January 15, 2021. (ECF No. 8.) The Court also reviewed Defendant's request for a pre-motion conference to discuss its proposed motion to dismiss, dated January 21, 2021. (ECF No. 9.)

The Court denies Defendant's requests for a pre-motion conference. The Court waives the pre-motion conference requirement and grants Defendant to file its proposed motion to compel arbitration or its proposed motion to dismiss with the following briefing schedule: Defendant's moving papers shall be served (**not filed**) on or before March 3, 2021; Plaintiff's opposition papers shall be served (**not filed**) on or before April 2, 2021; Defendant's reply papers shall be served on or before April 19, 2021.

**All motion documents shall be filed on the reply date, April 19, 2021.** The parties shall mail two papers courtesy copies and email one electronic copy of their motion documents to Chambers as they are served.

The Clerk of the Court is directed to terminate the motions at ECF Nos. 8 & 9.

Dated: 2/1/2021
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8321
ktobitsch@JonesDay.com

January 21, 2021

<u>VIA ECF</u>

Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

        Re:    *Simon Lok v. Experian Information Solutions, Inc.*,
              <u>Case No. 7:21-cv-00154-NSR (E.D.N.Y.)</u>

Dear Judge Román:

      Pursuant to this Court's Individual Practices in Civil Cases, Experian Information Solutions, Inc. writes to request a pre-motion conference for the purpose of filing a Motion to Dismiss under Rule 12(b)(6). Experian intends to file a Motion to Dismiss only if the Court denies Experian's Motion to Compel Arbitration (letter request seeking leave to file such motion is pending).

      This is a putative class action under the Fair Credit Reporting Act ("FCRA"). The plaintiff, Simon Lok, alleges that, "[o]n or about 2007, a credit card with American Express (AMEX) with account 3499•••••• was opened by a consumer other than Plaintiff." (ECF No. 1, ¶ 6.) The account was not paid, and American Express reported delinquencies to Experian. (*Id.*, ¶ 7.) Throughout 2019 and 2020, "the consumer's AMEX card was reporting on Plaintiff's credit report as Plaintiff was an authorized user on the card." (*Id.*, ¶ 8.) In 2019, "the other consumer was able to make his final payment on the card, and the account was satisfactorily closed with no further debt owing." (*Id.*, ¶ 9.) Nonetheless, "throughout 2020, Experian has been reporting Plaintiff with historical late payments in 2019 for the AMEX account." (*Id.*, ¶ 10.) Plaintiff claims that, "[b]ecause the loan had been paid off prior to 2019, Plaintiff could not have been late in 2020." (*Id.*, ¶ 11.) Plaintiff alleges that Experian violated Section 1681e(b) of the FCRA for failing to maintain reasonable procedures to ensure the maximum possible accuracy of information contained in a consumer report. (*Id.*, ¶¶ 33-37.) He also alleges a violation of Section 380 of the New York General Business Law—*i.e.*, the New York state law equivalent of a claim under Section 1681e(b) of the FCRA (the "NYFCRA"). (*Id.*, ¶¶ 38-40.) On both counts, Plaintiff alleges that Experian's conduct was negligent and willful. (*Id.*, ¶¶ 33-40.)

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Nelson S. Román
January 21, 2021
Page 2

## I. PLAINTIFF HAS FAILED TO PLEAD FACTS ESTABLISHING A VIOLATION OF SECTION 1681E(B) AND ITS NEW YORK STATE LAW EQUIVALENT

The law in the Second Circuit is clear: A reasonable procedures claim under Section 1681e(b) cannot proceed unless and until a consumer notifies a consumer reporting agency of inaccurate information in his credit file. *Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 1025, 1036 (S.D.N.Y. 1996), aff'd, 112 F.3d 98 (2d Cir. 1997) (a consumer reporting agency is "entitled to report [inaccurate debt], at least until it heard from [the] plaintiff directly"); *King v. MTA Bridges and Tunnels*, 933 F. Supp. 220, 225 (E.D.N.Y. 1996) ("the failure of the plaintiffs to notify the reporting agency that there was inaccurate information in its credit report was dispositive of the claim that the agency failed to follow reasonable procedures."); *Frydman v. Experian Information Solutions*, 14-cv-9013-PAC-FM, 2016 WL 11483839 at *12 (S.D.N.Y Aug. 11, 2016) ("Courts have consistently held . . . that a CRA does not violate its duty to assure reasonable accuracy pursuant to Section 1681e(b) simply by reporting an inaccurate debt or judgment, absent prior reason to believe that its source was unreliable.").[1]

Records of financial institutions, such as American Express, are presumptively reliable. *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004); *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015) (same); *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1081 (D. Or. 2007) ("If a consumer reporting agency accurately transcribes, stores and communicates consumer information received from a source that it reasonably believes to be reputable, and which is credible on its face, the agency does not violate [§1681e(b)] simply by reporting an item of information that turns out to be inaccurate.").

Here, while Plaintiff claims that Experian's reporting of an American Express account was inaccurate, there is no allegation that Plaintiff ever lodged a dispute or otherwise notified Experian about the alleged inaccuracy. As a matter of law, Plaintiff's reasonable procedures claims fail. *Podell*, 914 F. Supp. at 1036; *King*, 933 F. Supp. at 225; *Frydman*, 2016 WL 11483839 at *12.

## II. PLAINTIFF CANNOT MAINTAIN A WILLFUL VIOLATION CLAIM

Even if Plaintiff could proceed on a negligence theory, his willful violation claim cannot move forward. To prove willfulness, a plaintiff must demonstrate "specific facts as to the defendant's mental state." *Braun v. Client Servs., Inc.*, 14 F. Supp. 3d 391, 397 (S.D.N.Y. 2014) (collecting cases); *Diaz v. Experian Info. Sols. Inc.*, No. 19-cv-20, 2019 WL 6340155 (D. Nev.

---

[1] The "NYFCRA is [a] consumer protection statute that is styled after the FCRA and courts in the Second Circuit interpret these statutes similarly." *Gagasoules v. MBF Leasing LLC*, 2009 WL 10709179, at *4 (E.D.N.Y. Feb. 2, 2009). Thus, a failure to state a claim under Section 1681e(b) dooms a claim under Section 380 of the NYFCRA. *Id.*

JONES DAY

Hon. Nelson S. Román
January 21, 2021
Page 3

June 21, 2019) (willfulness requires a showing of the defendant's "required *mens rea*"). There are no well-pleaded allegations of Experian's mental state to prepare a consumer report regarding Plaintiff in reckless disregard of Section 1681e(b). No could there be: Plaintiff never even informed Experian that there was an inaccuracy regarding the reporting of the American Express account. Without any notice of an inaccuracy, Experian cannot willfully report inaccurate credit information. *Podell*, 914 F. Supp. at 1036; *King*, 933 F. Supp. at 225; *Frydman*, 2016 WL 11483839 at *12.

\*   \*   \*

    For all of these reasons, Experian respectfully requests permission to file a Motion to Dismiss under Rule 12(b)(6). To conserve resources, Experian seeks permission to file a Motion to Dismiss only if the Court denies Experian's Motion to Compel Arbitration (which, again, Experian already has requested permission to file).

Respectfully submitted,

*/s/ Kerianne Tobitsch*

Kerianne Tobitsch

cc:   All counsel of record (via ECF)

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8321
ktobitsch@JonesDay.com

January 15, 2021

<u>VIA ECF</u>

Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Simon Lok v. Experian Information Solutions, Inc.*,
              <u>Case No. 7:21-cv-00154-NSR (E.D.N.Y.)</u>

Dear Judge Román:

      Pursuant to this Court's Individual Practices in Civil Cases, Experian Information Solutions, Inc. writes to request a pre-motion conference for the purpose of filing a Motion to Compel Arbitration.

      This is a putative class action under the Fair Credit Reporting Act. The plaintiff, Simon Lok, alleges that Experian reported incorrect credit information associated with an American Express credit card account. He claims that Experian's actions were both negligent and willful. He seeks to represent a class of similarly situated individuals. Experian intends to move to compel Mr. Lok's claims to arbitration, on an individual basis.

      When considering a motion to compel arbitration, courts must resolve two questions: "(1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement encompasses the claims at issue." *Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391, 394 (2d Cir. 2015).

      A.      <u>A Valid Agreement To Arbitrate Exists</u>

      Beginning in April 2020 and continuing through to the present day, Mr. Lok has been enrolled in Experian CreditWorks℠—an Experian credit monitoring product. The Terms of Use governing that service has an arbitration clause, which provides that Mr. Lok and Experian agree to arbitrate "all disputes and claims between us directly relating to the provision of any Service and/or your use of any Website … to the fullest extent permitted by law." The term "Website" is defined as "https://usa.experian.com, or any affiliated website (including, but not limited to, Experian.com[.]" All disputes and claims that are subject to arbitration are to be resolved on an

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Case 7-21-cv-00154-NSR Document 11 Filed 02/01/21 Page 6 of 7
Case 7:21-cv-00154-NSR Document 8 Filed in NYSD on 01/15/2021 Page 2 of 3

JONES DAY

Hon. Nelson S. Roman
January 15, 2021
Page 2

individual (non-class) basis. In connection with Experian's forthcoming motion, Experian will present incontrovertible evidence of Mr. Lok's enrollment in Experian CreditWorks℠, including his written assent to the Terms of Use Agreement. Accordingly, there will be no dispute that a valid agreement to arbitrate exists.

        **B.**      **Mr. Lok's Claims Are Arbitrable**

Under the Terms of Use Agreement, any dispute over whether Mr. Lok's claims are subject to arbitration is for an arbitrator to decide:

> ***All issues*** are for the arbitrator to decide, ***including the scope and enforceability of this arbitration provision as well as the Agreement's other terms and conditions***, and the arbitrator shall have ***exclusive authority*** to resolve any such dispute relating to the scope and enforceability of this arbitration provision or any other term of this Agreement including, but not limited to any claim that all or any part of this arbitration provision or Agreement is void or voidable.

That being the case, under controlling Supreme Court precedent, "a court possesses no power to decide the arbitrability issue." *See Henry Schein, Inc. v. Archer and White Sales, Inc.*, ---U.S.---, 139 S.Ct. 524, 527-530 (2019). "That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Id.*; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (Where, as here, the parties have "clearly and unmistakably" agreed that the arbitrator should decide the validity and applicability of an arbitration provision, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."); *Gillette v. First Premier Bank*, No. 3:13-CV-432-LAB-RBB, 2013 WL 3205827 at *2 (S.D. Cal. June 24, 2013) ("Given the parties' agreement to arbitrate gateway issues of arbitrability, there is actually very little here for the Court to decide. There's simply no disputing that the credit card application Gillette filled out, as well as the subsequent credit card contract, contain an agreement to arbitrate. This being the case, the Court's work is more or less done.").

Even though the agreement requires all disputes over the question of arbitrability is to be decided by the arbitrator, Mr. Lok's claims fall squarely within the arbitration clause of the Terms of Use Agreement. Based upon Experian's records, after enrolling in Experian CreditWorks℠, Mr. Lok has continuously monitored his Experian credit file. It was through this online activity via the website, Experian.com, that Mr. Lok discovered the basis of his claims and filed this putative class action. As Mr. Lok's claims against Experian "aris[e] out of or relat[e] to" his use of Experian.com, they are subject to arbitration. To be sure, the two-year statute of limitations

JONES DAY

Hon. Nelson S. Roman
January 15, 2021
Page 3

under the Fair Credit Reporting Act is triggered on the date of discovery of an alleged violation. *See* 15 U.S.C. § 1681p; *Willey v. J.P. Morgan Chase, N.A.*, No. 09 Civ. 1397(CM), 2009 WL 1938987, at *4 5 (S.D.N.Y. July 7, 2009). The information Mr. Lok obtained through his use of Experian.com will limit the scope of his claims. In other words, his use of Experian.com plainly is "directly relate[d] to" his claims.

Pursuant to Mr. Lok's written agreement, Experian elects to arbitrate all of the claims that Mr. Lok pleads in this action. Thus, under the Federal Arbitration Act, 9 U.S.C. § 1, et seq., Experian intends to move for an order compelling this matter to arbitration, on an individual basis, as required under Mr. Lok's written agreement with Experian and, pursuant to 9 U.S.C. § 3, staying this action until arbitration has been completed.

Respectfully submitted,

*/s/ Kerianne Tobitsch*

Kerianne Tobitsch

cc: All counsel of record (via ECF)