```
                                              ┌─────────────────────────────────────┐
UNITED STATES DISTRICT COURT                  │ USDC SDNY                           │
SOUTHERN DISTRICT OF NEW YORK                 │ DOCUMENT                            │
                                              │ ELECTRONICALLY FILED                │
                                              │ DOC #: _____              │
SIMON LOK,                                    │ DATE FILED: 3/25/2022               │
                                              └─────────────────────────────────────┘
                     Plaintiff,
              v.                                      21 CV 154 (NSR)
                                                      OPINION & ORDER
EXPERIAN INFORMATION SOLUTIONS, INC.,

                     Defendant.
```

NELSON S. ROMÁN, United States District Judge:

Plaintiff Simon Lok ("Plaintiff") brings this action against Experian Information Solutions, Inc. ("Experian"), alleging violation of the Fair Credit Reporting Act, 15 USC § 1681 *et seq.*, and New York General Business Law § 380 *et seq*. Presently before the Court are Experian's motions to compel arbitration and to dismiss the Complaint. (ECF Nos. 14 & 19.) For the following reasons, the motion to compel arbitration is GRANTED and the motion to dismiss is DENIED.

## **BACKGROUND**[1]

On or about 2007, a credit card with American Express was opened by an unknown consumer. (Compl. ¶ 6.) The consumer had difficulty with the account and American Express reported some delinquencies. (*Id*. ¶ 7.) Throughout 2019 and 2020, the consumer's card was reporting on Plaintiff's credit report as Plaintiff was an authorized user on the card. (*Id*. ¶ 8.) In 2019, the consumer made his or her final payment on the card and the account was closed. (*Id*. ¶ 9.) However, in 2020, Experian reported that Plaintiff had historical late payments in 2019 for the

---

[1] The facts stated herein are taken from Plaintiff's Complaint (ECF No. 5) and the Declaration of David Williams in Support of Defendant Experian Information Solutions, Inc.'s Motion to Compel Arbitration (ECF No. 17) and are accepted as true and construed in the light most favorable to Plaintiff for purposes of this motion. *See, e.g., Faggiano v. CVS Pharmacy, Inc*., 283 F. Supp. 3d 33, 34 n.1 (E.D.N.Y. 2017) ("The Court may properly consider documents outside of the pleadings for purposes of deciding a motion to compel arbitration.").

1

American Express account.  (*Id.* ¶ 10.)  This error has prevented Plaintiff from obtaining and applying for credit.  (*Id.* ¶15.)

Beginning in April of 2020, Plaintiff has been enrolled in Experian CreditWorks℠, a credit monitoring product.  (Declaration of David Williams in Support of Defendant Experian Information Solutions, Inc.'s Motion to Compel Arbitration ("Williams Decl.") ECF No. 17 ¶ 3.)  The terms of use that govern this service contain an arbitration clause which provides that the parties agree to arbitrate "all disputes and claims between us directly relating to the provision of any Service and/or your use of any Website . . . to the fullest extent permitted by law."  (Williams Decl. Ex. 4.)

This action was removed to this Court on January 8, 2021.  (ECF No. 1.)  On March 31, 2021, Experian was granted leave to file a motion to compel arbitration or, in the alternative, a motion to dismiss.  (ECF No. 11.)  On April 19, 2021, Experian filed a motion to compel and a motion to dismiss.  (ECF Nos. 41 & 19.)  Plaintiff filed responses to both motions.  (ECF Nos. 16 & 21.)

## LEGAL STANDARD

I. **Motion to Compel Arbitration**

When deciding whether to compel arbitration, courts consider whether (1) the parties agreed to arbitrate and (2) the arbitration agreement includes the disputed claim or claims.  *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015).  According to the Supreme Court, the Federal Arbitration Act ("FAA") "embodies [a] national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006).  Due to the "strong federal policy in favor of arbitration, the existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if 'it may be said with positive assurance that the arbitration

clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (quoting *Associated Brick Mason Contractors of N.Y., Inc. v. Harrington*, 820 F.2d 31, 35 (2d Cir.1987)) (citation omitted).

Courts are required to analyze a motion to compel arbitration under a standard similar to that applied to motions for summary judgment; if there is a genuine issue of fact surrounding the purported agreement to arbitrate, the court cannot compel arbitration. *Kutluca v. PQ N.Y. Inc.*, 266 F. Supp. 3d 691, 700 (S.D.N.Y. 2017) (citing *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). "A party to an arbitration agreement seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010).

**II.     Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to

nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

Experian argues that Plaintiff's claims are subject to the arbitration clause contained in the terms of service for Experian CreditWorks℠, and that this action should be stayed pending arbitration. (Memorandum of Law in Support of Defendant Experian Information Solutions, Inc.'s Motion to Compel Arbitration, ECF No. 15 at 9-20.) In response, Plaintiff concedes that there is an arbitration agreement between the parties, but denies the current action arises out of this agreement. (Plaintiff's Response to Defendant's Motion to Compel, ECF No. 16 at 1.) However, Plaintiff consents to proceeding to arbitration, "to let the arbitrator decide the issue of whether or not the current claim is within the scope of the agreement." (*Id*.) In reply, Experian requests the Court compel the matter to arbitration, enter a stay of these proceedings, and deny the motion to dismiss as moot. (Defendant Experian Information Solutions, Inc.'s Reply in Support of its Motion to Compel Arbitration, ECF No. 18 at 1; Defendant Experian Information Solutions, Inc.'s Reply in Support of its Motion to Dismiss, ECF No. 22 at 1.) Therefore, as the parties are in agreement, the Court grants Experian's motion to compel arbitration.

**CONCLUSION**

For the foregoing reasons, Experian Information Solutions, Inc.'s motion to compel arbitration and stay this proceeding is GRANTED, and motion to dismiss the Complaint is DENIED without prejudice to renew once the stay in this matter is lifted.  The Clerk of the Court is directed to stay this case and to terminate the motions at ECF No. 14 & 19.  The parties are directed to promptly pursue arbitration and to notify the Court when the arbitration is concluded.

Dated: March 25, 2022　　　　　　　　　　　　　　　SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge